IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **TA'KUAN BINGHAM,**<br>    **Plaintiff,** | )<br>)<br>) |
| v. | )   No. 1:25cv66 (RDA/IDD) |
| **COMMONWEALTH OF VIRGINIA,** *et al.*,<br>    **Defendants.** | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Ta'Kuan Bingham ("Plaintiff" or "Bingham"), a Virginia inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Dkt. 1. Bingham seeks monetary relief and retrial. *Id.* at 1, 3. Because Bingham is a *pro se* prisoner, however, the Court must screen his Complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

### I. STANDARD OF REVIEW

Pursuant to Section 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "factual contentions are clearly

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

   (2) seeks monetary relief from a defendant who is immune from such relief.

baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C. § 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).

## II. COMPLAINT

Bingham alleges that his trial counsel, Defendant Julie Lillrose Churchill, violated his constitutional rights because she coerced his guilty plea on November 8, 2021; that Defendant Monique W. Donner, the prosecutor, violated his due process rights, and obtained his convictions without providing him with a "fair process;" and that Defendant Judge Shaw, the trial judge,

violated his constitutional rights because he did not act "in an impartial manner." Dkt. 1 at 2-4. On November 8, 2021, Bingham pleaded guilty to arson of an occupied dwelling and three counts of animal cruelty. *Id.* at 2; *see Bingham v. Commonwealth*, Record No. 1396-21-1, 2022 WL 1547984, at *1-4 (Va. Ct. App. May 17, 2022). There are no allegations against the Commonwealth or the Gloucester County Circuit Court.

The online records of the Gloucester County Circuit Court confirm that Bingham was convicted of the arson of an occupied dwelling, and three counts of animal cruelty on November 8, 2021.[2] Bingham, through counsel, appealed his convictions to the Virginia Court of Appeals, which affirmed his convictions on May 17, 2022. *Bingham v. Commonwealth*, Record No. 1396-

---

[2] The online records for the Gloucester County Circuit Court indicate that Bingham was indicted on July 6, 2021, entered his guilty pleas on August 17, 2021, and that the court denied his motion to withdraw his pleas at his sentencing on November 8, 2021. *See* https://www.vacourts.gov/, Case Status and Information, Circuit Court Case Information and Fee Calculation, Gloucester Circuit Court, Criminal Tab (search "Bingham, Ta'Kuan") (last searched Apr. 22, 2025). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). Bingham's federal habeas petition indicates that Defendant Churchill represented him from indictment through his plea on August 17, 2021. *See Bingham v. Anderson*, No. 1:24-cv-01225-RDA-WBP, Dkt. No. 1 at 13. Bingham's petition for a writ of habeas corpus was dismissed without prejudice on February 27, 20225, and is pending on appeal. The habeas challenges the same four convictions he references in his § 1983, as well as a larceny conviction. *Id.*, Dkt. No. 1 at 1.

Further, although Bingham seeks to be retried, such relief is not available via a § 1983 civil action. Where, as here, a complaint attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). *See generally Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). As the Supreme Court has noted, a § 1983 claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement).

3

21-1, 2022 WL 1547984, at *4 (Va. Ct. App. May 17, 2022).[3] The Virginia Supreme Court affirmed his convictions on September 30, 2022. *Bingham v. Commonwealth*, Record No. 220296, 2022 WL 1547984 (Va. Sept. 30, 2022).[4] The appellate records indicate that defendant Judge Shaw was the presiding trial judge, and the trial occurred in Gloucester County Circuit Court.

## III. STATUTE OF LIMITATIONS

Here, the underlying claim accrued on or before November 8, 2021, when Bingham was convicted. Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Hence, Bingham was required to file his complaint within two years from when his claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955). Thus, to be timely Bingham must have filed his complaint on or before Wednesday, November 8, 2023. Bingham's Complaint is dated, in the light most favorable to him, on December 11, 2024. Dkt. 1 at 4. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed

---

[3] https://eapps.courts.state.va.us/cav-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Apr. 22, 2025). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

[4] https://eapps.courts.state.va.us/acms-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Apr. 22, 2025). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

4

for statute of limitation purposes when handed to prison officials for mailing).[5] Therefore, the Complaint is untimely as to all three defendants, and will be dismissed as being barred by the statute of limitations.

## IV.   IMMUNITY UNDER COLOR OF STATE LAW

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

*Heck* held that where a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff meets his burden by achieving a "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). Bingham has not met his burden because his convictions have not

---

[5] Bingham did file a previous civil action in this Court. *Bingham v. Shaw*, No. 1:24cv1034 (RDA/LRV), 2024 WL 4643253 (E.D. Va. Oct. 30, 2024) ("*Bingham I*"), *aff'd*, No. 24-7114, 2025 WL 325650 (4th Cir. Jan. 29, 2025). *Bingham I* names additional defendants not named in the instant action. The instant action is limited to Defendants Churchill, Donner, Shaw, The Commonwealth, and Gloucester Circuit Court. The claims in *Bingham I* are nearly identical to the claims in the instant action in that the claims concern Bingham's November 8, 2021 convictions. The complaint in *Bingham I* was dated May 22, 2024. Even using that earlier date, the statute of limitations expired before this civil action was filed.

been overturned, reversed, or called into question.

In addition to being barred by *Heck*, the Commonwealth of Virginia and the Gloucester County Circuit Court are immune from suit.

> Under the well-established doctrine of sovereign immunity, a state cannot be sued in federal court by one of its own citizens without the state's consent. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (re-affirming "that an unconsenting State is immune from suits brought in federal courts by her own citizens"). The doctrine of sovereign immunity applies without regard to the form of relief sought by the plaintiff, *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996), and even if the action is brought under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). The doctrine also extends to the "arm[s] or instrumentalit[ies] of the State." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017).

*Chase v. Senate of Va.*, 539 F. Supp. 3d 562, 567 (E.D. Va. 2021). The Commonwealth of Virgini is immune from suit via Section 1983.

The Gloucester County Circuit Court is likewise immune from suit as an arm of the Commonwealth.[6] *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (holding that municipal court is arm of the state and protected from suit by Eleventh Amendment immunity); *Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir.1986) (state courts are not vulnerable to Section 1983 suits because they are protected by state immunity under Eleventh Amendment; and "[a] court is not a 'person' within the meaning of the Civil Rights Act.") (citations omitted); *see, e.g., Weigel v. Maryland*, 950 F.Supp.2d 811, 831 (D. Md. 2013) ("There can be no doubt that, having been 'vested' with the 'Judicial power' of the State of Maryland, the

---

[6] *See Tennessee v. Lane*, 541 U.S. 509, 527 n.16 (2004) ("[T]he provision of judicial services [is] an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes.").

6

Court of Appeals is an 'arm' of that state."). "Federal courts have consistently recognized that state courts, like the Loudoun [County Circuit] Court, are instrumentalities or arms of the State entitled to Eleventh Amendment protection." *Anand v. Commonwealth*, No. 23cv87, 2023 WL 7301995, at *7 (E.D. Va. Nov. 3, 2023); *Marable v. Mecklenburg Cnty. Cir. Ct.*, 2023 WL 2674183, at *1 (E.D. Va. Mar. 6, 2023) ("[S]uit against a state court is barred by the Eleventh Amendment, as that amendment prohibits suit against an arm of the state as well as against the state itself."), *aff'd*, No. 23-6299, 2023 WL 4839380 (4th Cir. July 28, 2023).

Moreover, Defendant Shaw, the presiding judge, and Defendant Donner, the prosecutor, are immune from suit. The Supreme Court has clearly held "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction," and that judicial immunity "applies 'however erroneous that act may have been, and however injurious its consequences may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citations omitted). Further, judicial immunity is not "overcome by allegations of bad faith or malice," *Mireles v. Waco*, 502 U.S. 9, 11 (1991); rather, it applies "even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Similarly, as the prosecutor, Donner is also immune from suit under Section 1983. *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("absolute immunity is afforded prosecutors when acting 'within the advocate's role.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) ("prosecutors are absolutely immune from liability under [Section] 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is

'intimately associated with the judicial phase of the criminal process'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)).

Although not immune, Defendant Churchill, as Bingham's appointed trial counsel, is likewise not subject to suit under § 1983 because she did not act under color of state law. To sufficiently state a claim under Section 1983, a plaintiff must (1) "allege the violation of a right secured by the Constitution and laws of the United States" and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defense attorney does not act under color of state law. *See Ward v. Ghee*, 8 F.3d 823, 1993 WL 410357, at *1 (4th Cir. 1993) ("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under [Section] 1983, whether privately retained, appointed by the state, or employed as public defenders." (internal citations omitted)).

As the claims against each defendant are barred as a matter of law, the Complaint fails to state a cause of action and amendment would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."); *see Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024) (affirming that any statute of limitations issue is properly analyzed within the 12(b)(6) framework); *see, e.g., Howard v. Sharrett*, 540 F. Supp. 3d 549, 552 (E.D. Va. 2021) (allowing plaintiff to "amend would be futile because not only are the defendants named immune from suit, his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994), and it is barred by the statute of limitations.").

Accordingly, it is hereby

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g)[7], this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint without prejudice to Plaintiff, and to close this civil action.

Entered this 25 day of April, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[7] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.